**Estelle D. DEININGER, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 8712.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 12, 1962.

Decided Jan. 11, 1963.

Estelle D. Deininger, petitioner, pro se.

Edward L. Rogers, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, on the brief), for respondent.

Before BRYAN, Circuit Judge, and LEWIS and WINTER, District Judges.

LEWIS, District Judge.

The taxpayer, pro se, in her petition for review of the decision of the Tax

Court of the United States, Docket No. 73761, Estelle D. Deininger versus Commissioner of Internal Revenue, contends she is not liable for the payment of income taxes on any part of the monthly payments received from her former husband pursuant to the provisions of a decree of divorce entered in the United States District Court for the District of Columbia in Civil Action No. 367–48, Estelle Desiree Deininger v. Frederic Albert Deininger.

The pertinent portion of the unreported decision of the Tax Court, rendered July 18, 1961, reads as follows:

"We hold that petitioner is taxable on the alimony as determined by the respondent but that she is not liable for any additions to the tax for failure to file income tax returns for 1948, 1949, and 1950, or declarations of estimated tax for the years 1950 through 1954."

We affirm, subject to minor adjustments hereinafter referred to.

The alimony in question was paid and received in accordance with the judgment for limited divorce entered in the United States District Court for the District of Columbia, June 28, 1948, the decree providing, inter alia, as follows:

"ORDERED, ADJUDGED AND DECREED:

"That the plaintiff, ESTELLE DESIREE DEININGER, be and she is hereby granted a decree of divorce a mensa et thoro from the defendant, FREDERIC ALBERT DEININGER, on the grounds of cruelty; and it is further

* * * * * *

"ORDERED, that the defendant pay to the plaintiff the sum of $450.-00 per month as alimony and maintenance for herself and the minor child of the parties, hereby committed to her custody, * * * and that plaintiff shall pay therefrom * * * the monthly payments on the first trust obligation on 5706 Nevada Avenue, N.W., to which the parties hold title as tenants by the entireties, now fixed at $94.00, covering insurance, interest, principal and taxes, and as they become due, the bills for electric and gas service * * *."

The defendant husband appealed from this judgment and it was affirmed per curiam on February 6, 1950. Deininger v. Deininger, 86 U.S.App.D.C. 414, 180 F.2d 396.

The son became of age February 15, 1950, and the District Court, upon motion, entered an order under date of December 19, 1950, reducing the amount of the aforesaid alimony payments. The order reads as follows:

"ORDERED: That defendant henceforth pay to the plaintiff the sum of Three hundred Seventy-Five and No/100 Dollars ($375.00) per month as alimony for herself alone, said payments to be made on the first day of each and every month hereafter for the ensuing month, commencing with the payment due on the first day of January, 1951, the plaintiff to remain under the requirements of said judgment of June 25, 1948, to pay without delay, as they become due, the monthly payments on the first trust obligation on 5706 Nevada Avenue, N.W., covering insurance, interest, principal and taxes, and as they become due, the bills for electric and gas service to 5706 Nevada Avenue, N.W., from the Potomac Electric Power Company and the Washington Gas Light Company, with which the defendant has business relationships."

Sections 22(k)[1] and 71(a)(1)[2] of the Internal Revenue Code require a wife,

---

1. Internal Revenue Code of 1939:
   "§ 22. Gross income.
   "(k) Alimony, etc., income.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in dis-

2. See Note 2 on Page 223.

when divorced or legally separated from her husband, to include in her gross income the amount of alimony payments received by her, subject to and under the decree of divorce.[3] This the taxpayer did not do. Instead, she contends the decree of June 28, 1948, is not what it purports to be, but is in fact a "decree for support" entered before March 1, 1954.

The decree of divorce is clear and unequivocal. It grants a divorce a mensa et thoro on the ground of cruelty, and orders the husband to pay a fixed sum per month as alimony and maintenance for petitioner and the minor child of the parties. A decree of divorce a mensa et thoro has little similarity to a support order, and the two are readily distinguishable. The former decree will be granted only for causes sufficient for a divorce a vinculo matrimonii. On the other hand, no such grounds need be alleged for an order for support; it is enough if the plaintiff proves that the defendant has the duty of support, has violated it, and is able to fulfill it. In short, causes of action for a limited divorce and for a support order are distinct, not only in the nature of the relief sought but also in the statutory causes for which it may be granted. Pedersen v. Pedersen, 71 App.D.C. 26, 107 F.2d 227.

Taxpayer further contends that some portion of the monthly payments received during 1948, 1949 and 1950 should be designated as support for her minor son[4] and, therefore, not included in her income under that part of Section 22(k) which provides:

> "This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

In the recent case of Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306, the Supreme Court held that a decree or written instrument does not "fix" an amount payable for the support of minor children, as provided in the statute, unless such amount is "specifically designated" for child support. In so holding, the Court stated:

> "The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix'

charge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *"

2. Internal Revenue Code of 1954:
"§ 71. Alimony and separate maintenance payments.
"(a) General rule.—
"(1) Decree of divorce or separate maintenance.—If a wife is divorced or

legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

3. In computing the amount of alimony received under this decree, the Commissioner deducted from the gross amount, the payments taxpayer was required to make on the first trust obligation on 5706 Nevada Avenue, N.W.

4. A $1200.00 exemption (taxpayer and child) was allowed for the year in question.

that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress."

■ It is plain that the decree in the instant case did not "fix" that portion of the payment which was to be used for the son's support. Accordingly, no portion of the monthly payments received by the taxpayer is excludable from her income as being payable for child support within the meaning of Section 22(k) of the 1939 Code.

Petitioner claims the Tax Court committed error in denying her petition to reopen the record. We disagree.

The taxpayer, after employing counsel to represent her, moved the Tax Court for leave to reopen the record for further evidence so that she could be assured of a fair trial, to which she was entitled. She claims she was physically exhausted and without counsel during the hearing before the Tax Court, and if given the opportunity, could produce evidence showing that she was not liable for the taxes as assessed by the Commissioner.

During the hearing on the motion, the taxpayer claimed she was entitled to an additional exemption ($600.00 for child) for the years 1951 to 1955, and that she was entitled to deductions for the amounts paid for insurance, taxes, repairs and maintenance on the Nevada Avenue house. Whereupon the Tax Court allowed an additional exemption for the years 1951, 1952 and 1953.

■ Payment for repairs and maintenance not required by the first trust are not deductible from the gross alimony payments.

■ Payments of insurance and taxes on the Nevada Avenue property were required by the first trust and are deductible from the gross alimony.[5] The amounts thus expended are readily ascertainable from the record. They should be deducted from the petitioner's taxable income for the years in question.

■ The taxpayer was not denied the right to be represented by counsel; she chose to represent herself before the Tax Court. She can not now complain.

■ The reopening of the record is within the discretion of the trial court. No abuse has here been shown.

The decision of the Tax Court, as herein modified, is affirmed and remanded for recomputation and entry of judgment in accordance with this opinion.

Affirmed in part; modified in part and remanded.

5. The Commissioner, upon reconsideration of Revenue Rule 58-52, 1958-1 Cum.Bull. 29, now agrees.