**Hilaire P. COUSSEMENT, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17731.**

United States Court of Appeals
Sixth Circuit.

March 15, 1968.

---

Arthur W. Shannon, Detroit, Mich., for petitioner, Blinstrub, O'Neill & Shannon, Detroit, Mich., on the brief.

Issie L. Jenkins, Atty., Dept. of Justice, Washington, D. C., for respondent, Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge and WEINMAN, District Judge.*

## ORDER

WEINMAN, District Judge.

This is a petition to review a decision of The Tax Court which denied deductions in the years 1959, 1960 and 1961 for European travel expenses incurred by petitioner and his wife as ordinary and necessary business expenses under Section 162 of the Internal Revenue Code and decreased depreciation deductions claimed under Section 167 of the Internal Revenue Code. Reference is made to the memorandum opinion of The Tax Court, T.C.Memo.1966–179, for a complete statement of the facts.

The primary issues raised by this petition are:

1. Whether the trial in which petitioner was not represented by counsel was conducted in such a manner as to require a new trial in the interest of justice and due process.

2. Whether The Tax Court committed prejudicial error in excluding certain documents and expert testimony and in failing to compel the testimony of a witness.

* Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

3. Whether for depreciation purposes the petitioner may compute the useful life of rental property by taking into account his own life expectancy, and

4. Whether the evidence of the trial establishes that petitioner is entitled to deduct as ordinary and necessary business expenses expenditures for European travel by petitioner and his wife in excess of the amount conceded by the Commissioner at the trial.

 Petitioner's contention that a new trial is required is premised upon the fact that the petitioner, representing himself, was unable to properly obtain the admission of all relevant evidence because he was unfamiliar with Tax Court Procedure, the rules of evidence and the Internal Revenue Code. The petitioner was informed that he was involved in a complicated case and that he had a right to be represented by counsel. The first hearing on petitioner's case was continued for one year so that petitioner could retain counsel. Despite the admonition of The Tax Court petitioner chose to represent himself. He cannot now complain that the trial was unfair because he lacked the legal skill to properly present his case. Deininger v. Commissioner of Internal Revenue, 313 F.2d 221 (C.A. 4 1963), cert. denied 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80; Rushing v. Commissioner of Internal Revenue, 214 F.2d 383 (C.A. 5 1954).

Petitioner's assertion of prejudicial error in the exclusion of evidence and the failure to compel testimony of a witness is unfounded. The record establishes that petitioner failed to lay a proper foundation showing the relevancy of said evidence and failed to obtain a valid subpoena.

 The finding of The Tax Court that petitioner was not entitled to a deduction under Section 162 of the Internal Revenue Code must stand unless "clearly erroneous." The petitioner had the burden of proving the validity of his Section 162 deductions for the European travel expenses of himself and his wife. The petitioner has failed to meet this burden and the record before the Court is devoid of evidence establishing that the European travel expenditures were incurred primarily for a business purpose. The petitioner's contention that for depreciation purposes, the useful life of rental property may be computed by taking into account the taxpayer's life expectancy is also without merit.

In view of the foregoing and for the reasons set forth in the memorandum opinion of The Tax Court, the decision of The Tax Court is affirmed.