LORY BUCCOLA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4331–68. Filed August 6, 1970.

---

Lory Buccola, pro se.
*John E. White, for the respondent.*

OPINION

Petitioner paid nothing toward the support of his wife and children except the payments under the court decree. Yet he contends that, since he made a cash outlay in excess of half their total support, he is entitled to dependency deductions for them. In essence, his argument is that section 71 does not apply to him because he is not "divorced" from his wife, but rather only "separated."

Section 71(a) provides in part that "If a wife is divorced or *legally separated* from her husband under a decree * * *, the wife's gross income includes periodic payments * * * received * * * in discharge of * * * a legal obligation which * * * is imposed on or incurred by the husband under the decree * * * incident to such divorce or separation." (Emphasis added.) This section makes no distinction between decrees of divorce and decrees of legal separation. Under either type of decree (assuming other section 71 requirements are met), all payments are includable in the gross income of the wife and are deductible by the husband by virtue of section 215.

Section 71(b) prescribes a formula whereby payments which are, in fact, made for the support of the husband's minor children are not includable in the wife's gross income and may be taken into account in computing the amount of the husband's support for the children. That section provides in part that section 71(a) "shall not apply to that part of any payment which the terms of the decree * * * fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." It is this provision to which *Commissioner* v. *Lester*, 366 U.S. 299, 303 (1961), speaks most directly, as follows:

This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. * * *

See also *Van Oss* v. *Commissioner*, 377 F. 2d 812 (C.A. 2, 1967), affirming a Memorandum Opinion of this Court.

In the present case, the separation decree only provides for payments to be made "for the support and maintenance of [Josephine] and the three children." There is no mention of the manner in which the money is to be used, and, as in *Van Oss* v. *Commissioner, supra,* the wife is not required to apply any minimum portion of the payments to the care and support of the children. She is "free to spend

the monies paid under the agreement as she sees fit." *Commissioner* v. *Lester, supra* at 304. Since no amount is "fixed" for the support of the children, there is no way to shift the tax burden from Josephine; the full amount of the payments is includable in her gross income.

This conclusion that Lory's payments under the decree of separation are includable in Josephine's gross income is decisive of his claim for dependency deductions for the children under sections 151(a) and 152(a)(1)[2] because section 152(b)(4) provides: "A payment to a wife which is includible in the gross income of the wife under section 71 * * * shall not be treated as a payment by her husband for the support of any dependent." Since Lory did not show that he furnished more than half of their support over and above his payments under the court decree, he is not entitled to dependency exemptions for the children.

Nor is petitioner entitled to the claimed exemption for Josephine. She had gross income within the meaning of section 151(b).[3] Indeed, as demonstrated above, she had gross income at least equal to the payments under the court decree. See also sec. 61(a)(8).

*Decision will be entered for the respondent.*

---

[2] SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *:
(1) A son or daughter of the taxpayer, * * *

[3] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(b) TAXPAYER AND SPOUSE.—An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer.