Sally Ann James Smith v. Commissioner.
Smith v. Commissioner
Docket No. 593-70.
United States Tax Court
T.C. Memo 1971-258; 1971 Tax Ct. Memo LEXIS 73; 30 T.C.M. (CCH) 1114; T.C.M. (RIA) 71258; October 5, 1971, Filed. *73 Held: The separation agreement between the petitioner and her husband did not fix an amount of money or a portion of the payments to be made under the agreement as payable specifically for the support of the minor children as required by sec. 71(b). Therefore, the petitioner is required under sec. 71(a)(2) to include the entire amount of the payments in her gross income as alimony. Commissioner v. Lester, 366 U.S. 299 (1961). Sally Ann James Smith, pro se, 265 Pearl St., Jackson, Ohio. Eugene M. Corbin, for the respondent. QUEALY
Memorandum Opinion QUEALY, Judge: The respondent determined a deficiency in the Federal income tax due from the petitioner for the taxable year 1968 in the amount of $1,226.79. The only issue *74 presented for decision is whether petitioner is required under section 71(a)(2) [1] to include in her gross income, as alimony, the entire amount she received during 1968 pursuant to a separation agreement. An additional issue arising from the respondent's adjustment to the medical expense deduction claimed by the petitioner for 1968 is entirely dependent on the outcome of the major issue defined above and will be determined by the resolution of that major issue. The facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner Sally Ann James Smith (hereinafter referred to as the "petitioner") was a legal resident of Jackson, Ohio during 1968 and at the time the petition herein was filed. Petitioner filed an individual Federal income tax return for the year 1968 with the district director of internal revenue at Cincinnati, Ohio. On that return, the petitioner claimed the filing status of unmarried head of household. On June 10, 1964, the petitioner and her husband, William M. Smith *75 (hereinafter referred to as "Smith"), entered into a written separation agreement. At that time, three children, Scott, Stephanie, and Shawn, had been born of the petitioner's marriage to Smith; and, as of the date of the separation agreement, the children were ages ten, six, and two, respectively. The separation agreement between the petitioner and Smith contains certain provisions relating to their three children some of which are summarized as follows: 1115 (1) The petitioner was to have custody and control of the three children, and Smith was to have certain visitation rights. (2) Petitioner was permitted to take the three children as deductions for Federal income tax purposes. (3) Smith was to provide funds for the children's college education. The second numbered paragraph of the separation agreement contains certain provisions which are intimately related to this case and which can be summarized as follows: (1) Smith agreed to pay the petitioner $833.33 monthly in full satisfaction of the obligation for alimony and for support of the three children. (2) Said monthly payments were to be reduced by $150 per month ten years subsequent to the execution date of *76 the agreement, by an additional $125 per month twelve years subsequent to the execution date of the agreement, and by an additional $225 per month sixteen years subsequent to the execution date. (3) The monthly payments of $833.33 were to be reduced to $500 per month if the petitioner legally married someone other than Smith. The twelfth numbered paragraph of the separation agreement provides in part: If any of the children of the marriage of the parties hereto shall die, or shall marry and require no further support, the payments * * * herein specified shall be reduced by $150.00 for the first child so dying or marrying, by $125.00 for the second child so dying or marrying, and by $225.00 for the third child so dying or marrying; and said reductions shall be in lieu of the reduction hereinabove specified at the end of ten (10) years if Scott Smith should die or marry and require no further support, and in lieu of the reduction at the end of twelve years if Stephanie Ann Smith should die and require no further support, and in lieu of the reduction at the end of sixteen years if Shawn Smith should die or marry and require no further support. In addition to the separation agreement, *77 the petitioner and Smith entered into a supplemental agreement on June 10, 1964. The first numbered paragraph of the supplemental agreement provides in part that upon the expiration of eight years from the date of the supplemental agreement, Smith is to have the option of placing $150 of the monthly payments in trust to be held for the college education and benefit of Scott Smith. During the calendar year 1968, the petitioner's three children resided with her for the majority of the twelve-month period. In accordance with the terms of the separation agreement, the petitioner received twelve payments of $833.33 each, or a total of $9,999.96 for the year 1968. Of this total amount, the petitioner reported only $3,999.96 as alimony on her 1968 Federal income tax return. In this case, the petitioner and Smith entered into a written separation agreement on June 10, 1964. The petitioner and Smith had three children, all of whom were minors on the date of the separation agreement and during the year 1968, the year herein at issue. Subsequent to the separation, the children were in the custody of the petitioner, and they resided with her for the majority of the year 1968. The provisions *78 of the separation agreement provide in part that the petitioner is to receive from Smith $833.33 per month in full satisfaction of his obligation for alimony and child support. The agreement further provides that the monthly payments are to be decreased on the occurrence of certain contingencies, including a reduction when, as, and if any one of the three children marries or dies. However, the separation agreement does not specifically designate or "fix" an amount of money or any portion of the payments as a sum which is payable for child support. The issue is whether the petitioner is required by section 71(a)(2) to include in her gross income, as alimony, the entire amount she received in 1968 pursuant to a separation agreement or whether she qualifies for the child support exception established by section 71(b). Under section 71(a)(2), [2] a wife must include in gross income periodic payments 1116 received pursuant to a written separation agreement and made because of the marital or family relationship. Section 71(b) [3] establishes an exception to the general rule set forth in section 71(a)(2). It allows the wife to exclude from gross income that part of any payment which *79 the provisions of the agreement fix, in terms of an amount of money or part of the payment, as a sum which is payable for the support of minor children of the husband. *80 Citing Commissioner v. Lester [61-1 USTC 9463], 366 U.S. 299 (1961), respondent contends that any payments for support of the petitioner's minor children made to the petitioner subsequent and pursuant to the separation agreement, summarized above in pertinent part, were not so specifically designat or fixed as such in the separation agreement, pursuant to section 71(b), as to prevent such payments from being includable in the petitioner's income as alimony income under section 71(a)(2). Petitioner contends that the facts in this case differ materially from those in the Lester case in that in the instant case there is no pretermission of all payments in the event of her remarriage. Petitioner further contends that the amount payable for the support of the minor children of the marriage can be computed or determined with mathematical certainty from the terms of the separation agreement and are therefore fixed by the agreement within the meaning of the Lester case. The Lester case has made it certain that unless the amounts payable to the wife for the support of minor children are specifically designated or "fixed" as such by the separation agreement, they are includable *81 in the taxable income of the wife as alimony. The terms of the separation agreement and supplemental agreement seem to infer that part of the payments were to be used for child support, and these amounts can be computed from the terms of the separation agreement. However, such considerations do not satisfy the requirement for fixed specificity which the Lester case demands. Commissioner v. Lester, supra. See also Van Oss v. Commissioner, 377 F. 2d 812 (C.A. 2, 1967) and Deininger v. Commissioner, 313 F. 2d 221 (C.A. 4, 1963). We have noted the factual differences between this case and the Lester case; but, in our opinion, such differences are not sufficiently material to remove this case from the ambit of the Lester decision. Without the specific designation of an amount to be used for support of the children, the petitioner is free to spend the payments made under the agreement in any manner she sees fit. Such control over the disposition of the payments in question is the equivalent of ownership, and the petitioner should therefore bear the tax consequences of such ownership. Commissioner v. Lester, supra. On this basis, we hold that the determination *82 of the respondent must be sustained. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENACE PAYMENTS. (a) General Rule. - * * * (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. ↩
3. (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment of such support.↩