FAITH BARRER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROGER A. BARRER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barrer v. Commissioner
Docket Nos. 6848-78, 13632-78.
United States Tax Court
T.C. Memo 1981-256; 1981 Tax Ct. Memo LEXIS 486; 41 T.C.M. (CCH) 1582; T.C.M. (RIA) 81256; May 27, 1981. Faith Barrier, pro se in dkt. No. 6848-78. Harold H. Newman, in dkt. No. 13632-78. Shlomo A. Beilis, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: By statutory notices, respondent determined the following deficiencies in petitioners' Federal income taxes: Docket No.
Petitioner
Year
Deficiency
13632-78
Roger A. Barrer
1974
$ 6,187.00
1975
3,495.00
6848-78
Faith Barrer
1974
1,517.00
1975
2,464.77
In an amended answer filed at trial respondent increased the deficiency for Roger Barrer for the year 1975 in the amount of $ 459, for a total deficiency of $ 3,954. In an amended answer filed at trial respondent increased the deficiency for Faith Barrer for the year 1974 in the amount *488 of $ 523.53 for a total deficiency of $ 2,040.53. These cases were consolidated for trial, briefing, and opinion. The issues for our decision are: (1) Whether payments received by petitioner Faith Barrer in 1974 and 1975 from petitioner Roger Barrer constitute alimony or are part alimony and part child support; (2) Whether payments made by petitioner Roger Barrer to Skidmore College and Ethical Culture Schools in 1974 constitute alimony paid to petitioner Faith Barrer, or whether the payments constitute gifts to their son, Robert Barrer; (3) Whether the payment of legal fees by petitioner Roger Barrer on behalf of his second wife, Judy Barrer, constitutes alimony or was part of the property settlement from the divorce; (4) Whether Roger Barrer is entitled to a deduction for alimony in 1975, which was not paid in 1975. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of the filing of the petition in this case, petitioner Rogert Barrer ("Roger Barrer") resided in New York, New York. Petitioner Faith Barrer ("Faith Barrer") resided in Scarsdale, New York. *489 Petitioners used the cash receipts and disbursements method of accounting in computing their income for the calendar years 1974 and 1975. Roger Barrer and Faith Barrer were married in 1951. Two children, Richard Alan Barrer and Robert Andrew Barrer, were born of the marriage. On May 24, 1972, petitioners received a judgment of absolute divorce from the state of New York. The divorce judgment incorporated a stipulation entered into between the petitioners on April 28, 1972, dealing with the payment of alimony, maintenance, and support for Faith Barrer and their son, Robert. The provisions of the stipulation and divorce judgment were in effect at all times during 1974 and 1975. The April 28, 1972 stipulation provided in part: 1. The defendant [Roger Barrer] shall pay to the plaintiff [Faith Barrer] on the first day of each and every month, commencing May, 1972, at the rate of $ 40,000 a year for alimony, maintenance and support for the plaintiff and for their son Robert. 2. Upon Robert attaining the age of 21 years, said payments shall be reduced to $ 31,000 a year. 3. In any event, the payments herein provided by the defendant for the plaintiff shall cease *490 upon a happening of any of the following events: death of the plaintiff, death of the defendant, or remarriage of the plaintiff. If the plaintiff dies or remarries, the obligation of the defendant to support Robert Barrer to the extent of $ 9,000 a year shall continue until he has attained the age of 21 years * * *. In 1974, Roger Barrer paid Faith Barrer the amount of $ 14,420.33 for alimony and support. In 1975, Roger Barrer paid Faith Barrer $ 14,999.63 for alimony and support. On March 24, 1975, Roger Barrer wrote a check for $ 2,348.40 payable to a law firm which on the same date wrote a check for $ 2,348.40 payable to Ethical Culture Schools, a school Robert attended. On April 17, 1975, Roger Barrer wrote a check for $ 300 to Skidmore College, a school Robert attended. Faith Barrer never requested or authorized Roger Barrer to make these payments to the two schools. In 1972, Rogert Barrer married Judy J. Jackson ("Judy Barrer"). There were no children of this marriage. On or about November 1973, Roger Barrer initiated divorce proceedings against Judy Barrer. After many conferences between the attorneys of Roger Barrer and Judy Barrer, a property settlement was *491 reached between the parties. On July 24, 1974, a stipulation was entered on the record before Judge Frank. In the July 24, 1974 stipulation, the parties proposed to settle their obligations with regard to property rights and alimony. The stipulation provided for the payment of alimony by Roger Barrer to Judy Barrer in the amount of $ 225 per week beginning July 29, 1974 for 1 year and thereafter in the amount of $ 130 per week for 9 more years and 1 week, making a total of $ 72,540 for alimony. As to the payment of legal fees, the parties stipulated that Roger Barrer was to pay Judy Barrer $ 12,000 for counsel fees, to be paid directly to Judy Barrer's lawyer, Mr. Rudnick, in three installments of $ 5,000, $ 5,000, and $ 2,000 in 1974, 1975, and 1976, respectively. The final judgment of divorce entered on January 13, 1975 also provided for periodic payments of alimony to Judy Barrer to total $ 72,540. A separate provision of the divorce decree pertaining to legal fees provided as follows: ORDERED, ADJUDGED AND DECREED, that the plaintiff [Roger Barrer] shall pay the defendant's [Judy Barrer] counsel fees, to wit, the sum of $ 12,000 directly to Burton G. Rudnick, Esq., at *492 his office, 66 court Street, Brooklyn, New York in the following manner: (a) $ 5,000 on or before the 1st day of December, 1974; (b) $ 5,000 on or before the 1st day of December, 1975; (c) $ 2,000 on or before the 1st day of December, 1976, which sum shall then be paid to the defendant; (d) That all rights of the defendant for the collection thereof, shall enure to the said Burton G. Rudnick, Esq.; (e) That the $ 12,000 above mentioned shall not abate by reason of the death or remarriage of the defendant, * * *. In 1975, Roger Barrer claimed $ 31,893 as alimony deductions. Total payments made by Roger Barrer in 1975, which constituted the basis for his alimony claim, were as follows: To Faith Barrer: $ 14,999.66 To Judy Barrer: 13,985.00 / $ 28,984.66 (including $ 5,000 for legal fees) OPINION Issue 1: Support Payments
During the years 1974 and 1975, Faith Barrer received support payments from Roger Barrer in the amounts of $ 14,420.33 and $ 14,999.66, respectively. Faith Barrer included $ 5,420 and $ 6,000 in income for the years 1974 and 1975, respectively. Respondent contends that the full amount of support payments that Roger Barrer made to Faith Barrer *493 during these 2 years is includable in Faith Barrer's income as alimony under section 71(a). [1] Petitioner Faith Barrer argues that under the divorce decree, $ 9,000 of each year's payments represent payments for child support for their son Robert Barrer, and are thus not included in her gross income under section 71(b). We agree with respondent that the total amount of support payments made during 1974 and 1975 is includable as alimony in petitioner Faith Barrer's gross income. Section 71(a) (1) [2] provides the general rule that in the case of divorce, periodic payments received by the wife from the husband which are made in discharge of a legal obligation imposed upon the husband because of the marital or family relationship under the divorce decree are includable in the wife's gross income. [3] Section 71(b) [4] provides an exception to the general rule of includability in the wife's income for any amount of the payments that is "fixed" by the written instrument for the support of the minor children of the husband. In Commissioner v. Lester, 366 U.S. 299 (1961), *494 the Supreme Court held that Congress used the term "fixed" in the statute to indicate that the amount of the payment allocable to child support must be specifically designated in the divorce decree or written instrument. In Lester, the Supreme Court explained section 71(b) in unequivocal language: *495 This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. [366 U.S. at 303.] Thus, if the amount is not specifically designated, the entire sum payable for the support of the wife and the minor children is includable in the wife's gross income as alimony. In the instant case, the stipulation entered into between Faith Barrer and Roger Barrer which was incorporated into the divorce decree provided that Roger Barrer pay $ 40,000 a year for alimony, maintenance and support for Faith Barrer and their son, Robert. The court order did not fix that portion of the payments which was to go specifically for the support *496 of Robert. While one might draw an inference that the amount of $ 9,000 was to be used for the support of Robert, it has been consistently held that such an inference does not satisfy the fixed amount requirement as explicated in Commissioner v. Lester, supra.See, e.g., Deininger v. Commissioner, 313 F.2d 221 (4th Cir. 1963); Buccola v. Commissioner, 54 T.C. 1599 (1970). Therefore the full amount of support payments made by Roger Barrer to Faith Barrer in 1974 and 1975 for the support of her and Robert is includable in Faith Barrer's gross income. Issue 2: School Payments
In 1975, Roger Barrer made two payments in the amounts of $ 300 and $ 2,348.40 to Skidmore College and Ethical Cultural Schools, respectively, both of which their son Robert attended. Petitioner Roger Barrer contends that the payments to Robert's schools are deductible under section 215, which provides a deduction for a husband for periodic support payments made to his wife which are includable in her gross income under section 71. Petitioner Faith Barrer maintains that these payments did not constitute alimony or support payments to her, but rather *497 were gifts to their son, Robert. Respondent has made inconsistent determinations with respect to these two payments, and thus is in the position of a stakeholder. We hold that these school payments are not includable in petitioner Faith Barrer's income under section 71, and are not deductible to petitioner Roger Barrer under section 215. Section 215(a) [5] allows a deduction for periodic support payments made by a husband which are included in the wife's gross income under section 71. In order for periodic payments to be included in the wife's gross income under section 71(a)(1), they must be received in discharge of a legal obligation which is imposed upon the husband because of the marital or family relationship under the terms of the divorce decree. *498 In the instant case, Faith Barrer never requested nor authorized her former husband to make payments directly to the schools Robert attended in lieu of the support payments he was required to make to her under the divorce decree. Roger Barrer was not obligated under the divorce decree to make payments for Robert's education. Although Roger Barrer testified that he made the payments because he was fearful that his wife would not make them and that his son would be expelled from school, he still made the payments voluntarily, and not in discharge of a legal obligation imposed upon him under the terms of the divorce decree. Therefore the payments are not includable in Faith Barrer's gross income nor are they deductible to Roger Barrer. Issue 3: Legal Fees
Petitioner Roger Barrer paid $ 5,000 in each of the taxable years 1974 and 1975 to the lawyer who represented his second wife, Judy Barrer, in divorce proceedings. Roger Barrer contends that the payments are alimony and are deductible to him under section 215. Respondent maintains that the payments for legal fees are not periodic payments made for the support of Judy Barrer, but rather, are in the nature of a property settlement *499 and are not deductible. We agree with respondent that the payments for legal fees made by Roger Barrer in 1974 and 1975 are not deductible under section 215. Section 215 allows a deduction to the husband for periodic payments which are made to the wife and included in her income under section 71. Section 71, however, applies only to payments made because of the family or marital relationship in recognition of the general obligation to support which is made specific by the divorce decree. Section 1.71-1(b)(4), Income Tax Regs. Furthermore, section 71(a) applies only to periodic payments. Installment payments discharging part of an obligation the principal sum of which is specified in the divorce decree shall not be treated as periodic payments unless the principal sum is to be paid or may be paid over a period ending more than 10 years from the day of the decree. If the payments under the decree are to be paid over a period ending 10 years or less from the date of the divorce decree, the payments may be considered periodic payments under section 71(a) only if the following two conditions are met: (1) The payments are subject to any one or more of the contingencies of death of either *500 spouse, remarriage of the wife, or change in economic status of either spouse, and (2) the payments are in the nature of alimony or an allowance for support. Section 1.71-1(d)(3)(i), Income Tax Regs.
It is clear that the two payments that Roger Barrer made in 1974 and 1975 to the lawyer who represented Judy Barrer in the divorce proceedings are not deductible under section 215. The provision in the divorce decree requiring Roger Barrer to pay the legal fees was totally separate and apart from the provision which provided for periodic support payments to Judy Barrer. The payments were to be made over a 3-year period, and the decree provided specifically that they would not abate in the event of death or remarriage of Judy Barrer. Essentially petitioner Roger Barrer argues that the decree did not embody the intent of the parties to have all of the payments to Judy Barrer considered alimony, includable in her income and deductible to Roger Barrer. However, the decree is clear and unambiguous. The payments to cover the services of Judy Barrer's lawyer were not periodic payments in the nature of support for her, but rather were in discharge of a specific obligation imposed on *501 Roger Barrer to make lump sum payments over 3 years for a definite non-recurring purpose. See Glasgow v. Commissioner, 21 T.C. 211, 218 (1953). Therefore the $ 5,000 paid in each of the taxable years 1974 and 1975 by Roger Barrer pursuant to the divorce decree do not constitute periodic support payments deductible by him under section 215. Issue 4: Unpaid Alimony
Petitioner Roger Barrer claimed $ 31,893 as alimony deductions for 1975. The total payments made in 1975 by Roger which constitute the basis for his alimony claim totalled $ 28,984.66. Petitioner Roger Barrer does not contend that the remaining $ 2,908.34 was paid as alimony to either his first or second wife, and no satisfactory explanation has been provided for the difference between the amount paid and the amount claimed. In any event, under section 215, a deduction is allowed only for amounts includable in the wife's gross income under section 71, the payment of which was made within the husband's taxable year. Therefore, petitioner may not deduct in 1975 an amount for support payments which he did not pay in 1975. To reflect the foregoing, Decisions will be entered under Rule *502 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Sec. 71(a)(1) provides as follows SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.--If a wife is divorced or legally separated from her husband under a decree or divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
3. The same rule of inclusion of alimony payments in the receiving spouse's gross income applies if the described payments in sec. 71(a) are made from the wife to the husband. See sec. 7701(a) (17). ↩
4. Section 71(b) provides as follows: Sec. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (b) PAYMENTS TO SUPPORT MINOR CHILDREN.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
5. Section 215(a) provides as follows: SEC. 215. ALIMONY, ETC., PAYMENTS. (a) GENERAL RULE.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.↩