David Bruce GILBERT & Elinor Faye Gilbert, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 81–7049.

United States Court of Appeals, Ninth Circuit.

Submitted March 17, 1982.*

Decided April 30, 1982.

---

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S. C.A. 9th Cir. R. 3(a) and Fed.R.App.P. 34(a).

Joel D. Sacks, Phoenix, Ariz., for petitioners-appellants.

Carleton D. Powell, Philip I. Brennan, Washington, D. C., for respondent-appellee.

Before BROWNING, SNEED, and SCHROEDER, Circuit Judges.

PER CURIAM:

Appellants appeal from a decision of the Tax Court that determined deficiencies in their income tax and imposed additions to their tax. They assert that they were not represented by counsel in the Tax Court, that they had a right to be so represented, and that their waiver of their right was not voluntarily and intelligently made. Because their waiver in no way impaired the fairness of the Tax Court proceedings, we affirm.

Appellants filed no income tax returns for 1971 and 1972. The Commissioner, because of the appellants' refusal to cooperate, reconstructed appellants' income from bank records and testimony of third parties and determined their deficiencies. In addition, the Commissioner determined that a portion of Dr. Gilbert's underpayment was due to fraud and assessed the fraud penalty provided by 26 U.S.C. § 6653(b). He also determined that part of Mrs. Gilbert's underpayment was due to negligence or intentional disregard and assessed the penalty provided by 26 U.S.C. §§ 6651(a) and 6653(a). Appellants petitioned the Tax Court for redetermination of their liability and at their trial represented themselves.

Proceedings challenging the assessment of penalties under 26 U.S.C. § 6653(b) are civil, not criminal. *See Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938) (predecessor section to section 6653); *Kahr v. Commissioner*, 414 F.2d 621, 627 (2nd Cir. 1969). The criminal standard used to test the effectiveness of waiver of counsel is not applicable under the circumstances of this case. The proper standard is whether the appellants received a fair trial in the Tax Court. *See Coussement v. Commissioner*, 391 F.2d 227, 229 (6th Cir. 1968). *Cf. Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir. 1981) (failure to be represented by counsel and to attend Tax Court hearing not a basis to overturn summary judgment for Commissioner).

The appellants received a fair trial. They concede they knew they were entitled to counsel. Primarily they argue that they were prejudiced by failing to object to an amendment of the Commissioner's answer in which he sought to obtain negligence and delinquency penalties in the alternative to the fraud penalty. No prejudice resulted from the amendment because the Tax Court did not reach the issue added by the amendment. The trial was not made unfair by the Tax Court's failure to warn the appellants that proceeding without counsel might prove to be unwise. Appellants are intelligent and well informed individuals. They were neither entitled to such a warning nor were they prejudiced by its absence.

AFFIRMED.