BORIS SEMION MAXIMOFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maximoff v. Commissioner
Docket No. 23065-83.
United States Tax Court
T.C. Memo 1987-155; 1987 Tax Ct. Memo LEXIS 152; 53 T.C.M. (CCH) 423; T.C.M. (RIA) 87155; March 23, 1987. Frank D. Berry, Jr., for the petitioner. M. Kendall Williams, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $5,336.76 and an addition to tax under section 6653(a) [1] in the amount of $268.34 for the taxable year 1980. After concessions, the issues for decision *153 are: (1) whether petitioner is entitled to deduct expenses incurred in the attempted development of a new product, a miles per gallon indicator for installation in passenger automobiles and trucks; and (2) whether petitioner is entitled to deduct an amount of sales tax in excess of that determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Los Altos, California when he filed his petition. Petitioner has been an engineer over a period of several years. When petitioner reached the age of 65, he found himself out of work and made various unsuccessful attempts to obtain employment. In 1978, he obtained a job as an engineer at Itek Corporation, Applied Technology Division. His title was Senior Engineer in recognition of his years of experience in the engineering field. The position was initially characterized as temporary of 6 to 9 months duration; nevertheless, petitioner *154 was still working there during the taxable year 1980 and received wages in the amount of $32,588.40 in that year. The firm, for which he did engineering work including detail design, specialized in radar warning receivers. Because of the uncertainty of his continued employment, petitioner wished to develop his own business in order to ensure an income. Prior to 1980, he had a consulting engineering service which he advertised in several directories. This activity, however, did not generate sufficient income. Sometime in the latter part of 1979, he first began thinking of developing a miles per gallon indicator for passenger automobiles and trucks. In 1980, he commenced development of the indicator. In his opinion, there would be a good market for such a device because of the high price of gasoline at that time. He viewed every owner of a passenger car as well as every automobile manufacturer as a potential customer. He produced a test set-up combined with a miles per gallon indicator for development purposes. Petitioner devoted all his spare time to this activity, approximately 20 to 30 hours a week during 1980. In 1981, petitioner decided to drop any further attempt to *155 develop his device because of several factors. Petitioner began to encounter problems with the design. He realized that because of the required complexity of the design and the cost of installation in the vehicle there would be a limited market due to the cost of the device. Furthermore, when he contacted General Motors regarding his device, he was told that General Motors had started the development of the same device with a team of engineers. Petitioner felt that he would be unable to compete with the corporation's production team. Although petitioner has taken out patents in the past, he did not receive a patent for his miles per gallon indicator. He did not reach a point in the development of the device where marketing or sales activity could be realistically attempted. He generated no income from the project. He was at the time of trial attempting to develop an ultrasonic device to aid blind people in distinguishing obstacles. On Schedule C of his 1980 Federal tax return, petitioner claimed the following expenses: (a) Car and truck expenses
$2,815.31
(b) Depreciation
18.13
(c) Dues and Publications
88.00
(d) Freight
162.00
(e) Office Supplies
107.98
(f) Postage
73.00
(g) Rent on Business Property
1,968.41
(h) Supplies
147.70
(i) Telephone
63.00
(j) Utilities
468.89
(k) Typing Service
225.00
$6,137.42
*156 Offsetting reported income of $390.00, from the claimed business expense deduction of $6,137.42, petitioner reported a loss in the amount of $5,747.42 on his return. The $390.00 of gross income was earned by him for the repair of electrical equipment. The total amount of business expenses claimed by petitioner for 1980 related solely to the development of a new product, a miles per gallon indicator. On his return, petitioner also claimed a general sales tax deduction in the amount of $1,428.66. Based upon petitioner's revised adjusted gross income for 1980, respondent allowed petitioner under the Optional State Sales Tax Table applicable to California a general sales tax deduction in the amount of $471.96. During taxable year 1980, petitioner did not make any large purchases such as a car or a boat. Petitioner estimated his general sales tax deduction by computing the total amount of his cancelled checks with an additional $4,730 in cash. He then multiplied that figure by 6.5 percent. OPINION As a preliminary matter, we must determine whether to grant petitioner's motion to reopen the record to allow additional facts to be submitted to support the Schedule C deduction *157 primarily relating to prior years. Petitioner, who represented himself at trial, subsequently obtained counsel who submitted the motion with accompanying proposed stipulations. None of the facts are newly discovered. The basis which counsel gives for reopening the record is that petitioner as a pro se litigant failed to bring to the Court's attention certain facts relevant to his case. The fact that petitioner represented himself at trial is not such an extraordinary circumstance to warrant reopening the record. Coussement v. Commissioner,391 F.2d 227 (6th Cir. 1968); Deininger v. Commissioner,313 F.2d 221 (4th Cir. 1963). See Gilbert v. Commissioner,675 F.2d 1083 (9th Cir. 1982). Therefore, we deny petitioner's motion. The issue for determination is whether petitioner is entitled to deduct certain expenses incurred in the development of a new product, a miles per gallon indicator. Respondent contends that the expenses are not deductible because petitioner was not engaged in the trade or business of inventing in 1980 pursuant to *158 section 162 or section 174. Whether a taxpayer is engaged in a trade or business is a question to be determined by an examination of all the facts in the case. Higgins v. Commissioner,312 U.S. 212 (1941). [T]he taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit. A sporadic activity, a hobby, or an amusement diversion does not qualify. [Commissioner v. Groetzinger,    U.S.    (Feb. 24, 1987).] Petitioner's expectation of making a profit need not have been reasonable so long as he had a bona fide objective to realize a profit. Golanty v. Commissioner,72 T.C. 411, 425-426 (1979). During the taxable year in question, petitioner was employed as a full-time engineer for Itek. It is possible, however, to be engaged in more than one business. Petitioner possessed engineering expertise through his many years of employment as an engineer. He testified that although he was not a believer in patents, he had taken out several *159 patents in the past. Petitioner made a sustained and continuous effort during the year in question to develop his product, devoting 20 to 30 hours a week to this activity in addition to his full-time job. Respondent makes much of the fact that the product was never developed or marketed. Petitioner explained that he dropped the project in 1981 realizing that he could not compete with General Motors research resources and also that the high cost of the indicator he was developing would prohibit successful marketing. We believe that the abandonment of the project at this point shows that petitioner was interested in a money-making activity rather than just a recreational hobby or an activity designed to generate tax losses. The record is clear that petitioner was concerned about his future income in view of his uncertain continued employment due to his post-retirement age and was interested in producing some income. His consulting business prior to 1980 was not generating sufficient receipts and therefore he started on this project. While no income was generated from this project, this factor is not determinative. *160 Experimental activity may yield little, if any, return during the developmental stages although it has the potential of producing significant income. Petitioner was involved in the activity of inventing with continuity and regularity during the taxable year in issue as well as subsequently through at least the time of trial. Accordingly, we find petitioner was engaged in a trade or business pursuant to section 162. Respondent also contends that the claimed expenses are not attributable to the development effort. On the other hand, respondent argues that the expenses are not attributable to petitioner's engineering services business because of petitioner's concession that the expenses were incurred in the development effort. We found petitioner's testimony to be credible on this issue. The parties have agreed that petitioner has substantiated the claimed expenses. Therefore, we conclude that the expenses incurred by petitioner in connection with his development effort are fully deductible. The next issue for decision is whether petitioner is entitled to a general sales tax deduction in excess of that determined by respondent based on the optional states sales tax table. *161 Section 164(a) allows a deduction for state taxes paid during the taxable year 1980. As a matter of administrative convenience, the Commissioner permits taxpayers to compute the deduction on the basis of the tax tables and, additionally, allows deductions for certain groups of costly items, e.g., automobile, boat, etc. A taxpayer may claim a larger amount of sales tax but, as with any deduction, the burden of proving such a larger amount is on the taxpayer. [2]
Petitioner contends that it is impractical to retain all the receipts for sales taxes paid. He offered no proof of such actual expenditures. Instead, he asks us to accept his estimate of the taxes based on the total amount of cancelled checks plus an amount of cash. Petitioner states that he took into consideration amounts paid on nontaxable items but he did not set forth the method by which he arrived at those amounts. Petitioner's burden of proof is not satisfied by producing such estimates. [3] Accordingly, we hold that petitioner *162 is not entitled to a deduction in excess of that determined by respondent. [4]
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. See Groff v. Commissioner,T.C. Memo. 1984-252; Feistman v. Commissioner,T.C. Memo. 1982-306↩.
3. See Meyen v. Commissioner,T.C. Memo. 1982-536; Schaye v. Commissioner,T.C. Memo. 1978-285↩. 4. The notice of deficiency also determined an addition to tax under section 6653(a). Although petitioner argued this issue in his brief, respondent did not comment in either of his briefs. Therefore, it appears, as petitioner suggests, that respondent conceded this issue. In any event, based on the record of this case, we find that petitioner is not liable for this addition to tax.↩