48 F.3d 1229
 75 A.F.T.R.2d 95-1200
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Bruce GILBERT, M.D., et al., Defendants-Appellants.
 No. 93-16113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided Feb. 23, 1995.
 
 Before: REINHARDT, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert raises sixteen points on appeal. A number are redundant or frivolous, so we consolidate them for purposes of discussion. His civil tax dispute case was tried to a jury. The jury verdict established that his conveyance of property to a trust was fraudulent.
 
 
 3
 Gilbert argues that the district judge should not have granted partial summary judgment to the government on the amounts of taxes for which Gilbert was liable. He argues that the government could not show that the IRS provided the notice and demand required for a valid assessment. This claim is meritless.
 
 
 4
 For the 1971 and 1972 tax years, there was already a determination in the Tax Court, affirmed by the Ninth Circuit, that Gilbert was properly assessed and did owe taxes for those years. Gilbert v. CIR, 41 T.C.M. 1980-469 (1980), aff'd, 675 F.2d 1083 (1982). Gilbert is bound by res judicata, and may not relitigate the issue of his liability for taxes in 1971 and 1972. U.S. v. Carter, 906 F.2d 1375, 1378 (9th Cir.1990).
 
 
 5
 For the years 1974 through 1981, Gilbert entered into a closing agreement with the IRS, affirming that he had received notice of the amounts due and that he would pay the IRS. Absent a showing of fraud, malfeasance, or misrepresentation on the part of the IRS, a closing agreement is conclusive. 26 U.S.C. Sec. 7121; States Steamship Co. v. IRS, 683 F.2d 1282, 1284 (9th Cir.1982). Gilbert does not claim any of the statutory grounds for setting the agreement aside, so the district court properly determined that no genuine issue of material fact could be raised as to those years.
 
 
 6
 Section 6213(a) of the tax code generally requires a notice of deficiency to be sent out before the IRS can assess a tax payer's property. Gilbert claims he never received the notice and so the IRS assessment was invalid. But, Gilbert signed an agreement expressly allowing for immediate assessment and waiving his rights under section 6213(a). Such an agreement is contemplated in 26 U.S.C. Sec. 6213(d) and likewise precludes any genuine issue of material fact regarding Gilbert's Sec. 6213(a) rights.
 
 
 7
 Gilbert also claims that the district court used the wrong statute of limitations. But he did not raise this defense in his answer. Limitations is an affirmative defense which is waived if not raised in the answer. Federal Rule of Civil Procedure 8(c). The case went on for six years before Gilbert ever raised limitations as a defense. Eight days before trial he made a summary judgment motion, but no motion to amend his answer. The prejudice to the government was apparent, because trial was scheduled to commence even before its responsive memorandum was due. Arizona Local Rule 1.10(c). Cf. Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir.1984). Gilbert made no attempt to alleviate prejudice or demonstrate its absence.
 
 
 8
 Gilbert now raises objections to the jury instructions given by the district judge. But, when asked whether he objected to the judge's proposed jury instructions, Gilbert said "I'll accept the instructions, thank you, your honor." Any objections to a jury instruction must be made prior to the jury retiring to decide the case. Fed.R.Civ.P. 51. Failure to so object waives the issue. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 890 (9th Cir.1991).
 
 
 9
 Gilbert argues that the district judge erred in admitting the closing agreement, a statement of income tax examination changes signed by Gilbert, and information about his past tax indictment and conviction.
 
 
 10
 Gilbert's argument that the closing agreement was barred from admission as part of his plea negotiations in his criminal case is misplaced. While Federal Rule of Evidence 410 prevents admission of the plea or "any statement made in the course of plea discussions ...," Fed.R.Evid. 410(4), it does not prevent admission of a separate closing agreement made to resolve a potential civil tax dispute. Congress has expressly directed the courts not to disregard such an agreement. 26 U.S.C. Sec. 7121(b)(2). The district judge did not abuse his discretion in admitting this evidence. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.1992).
 
 
 11
 Gilbert argues that the government should not have been permitted to present evidence about his criminal convictions and imprisonment for related tax crimes. Rule 404(b) of the federal rules of evidence bars admission of evidence of past crimes, wrongs or bad acts, if used to prove the defendant's bad character. Fed.R.Evid. 404(b). This evidence was not introduced for that purpose. The evidence was probative of his intent--the history tended to show that he transferred the bulk of his property into a trust so that the IRS would be unable to seize it. U.S. v. Bergman, 813 F.2d 1027, 1029 (9th Cir.1987).
 
 
 12
 Gilbert argues that the district judge erred in denying his motion for summary judgment because it was untimely. The court acted properly under its local rule, noted above. Gilbert argues that a summary judgment motion can never be untimely because Rule 56(a) says that a motion for summary judgment can be filed "at any time," but that time reference refers to the time after the action is commenced, and does not permit the filing of a summary judgment motion so late that it cannot be decided until after the case has gone to trial. See Notes of Advisory Committee on 1946 amendment.
 
 
 13
 Gilbert missed the pretrial conference. He says the notice of the meeting time did not reach him until it was too late. He claims that, because he was only able to present his arguments for the exclusion of certain evidence to the judge in court, he was denied due process. He is wrong. "The fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner." Brady v. Gebbie, 859 F.2d 1543, 1554 (9th Cir.1988). The judge heard all of Gilbert's objections, before trial, in a hearing on his motion in limine. (Tr. 6-27).
 
 
 14
 Gilbert claims that his house is protected from being seized by 26 U.S.C. Secs. 6334(a)(13) & (e). Those sections apply to protect a taxpayer from a direct levy by the IRS, not from a judicial foreclosure suit pursuant to 26 U.S.C. Sec. 7403. Also, the provisions which Gilbert seeks to use did not go into effect until July 1, 1989, more than two years after this action was filed.
 
 
 15
 Gilbert claims that the trial judge denied him his due process rights by requiring that he appeal in 10 days, rather than in the 60 days allotted in FRAP 4. This misconstrues what the judge did. The judge did not take away Gilbert's right to appeal within 60 days. Gilbert asked the judge to stop the government from immediately foreclosing on his property. The judge said he would do so, but only if Gilbert filed his appeal within 10 days. Gilbert filed the appeal within 10 days, so the judge stayed the foreclosure. We can identify no right of which he was deprived. Brady v. Gebbie, 859 F.2d 1543, 1554 (9th Cir.1988).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3