**Detsel J. PARKINSON,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

**No. 79-7605.**

United States Court of Appeals,
Ninth Circuit.
Argued and Submitted March 11, 1981.
Decided May 4, 1981.

Arthur P. Tranakos, Atlanta, Ga., for petitioner-appellant.

George L. Hastings, Atty., Washington, D. C., argued, for respondent-appellee; M. Carr Ferguson and Michael L. Paup, Washington, D. C., on brief.

Before WALLACE and POOLE, Circuit Judges, and HALBERT *, District Judge.

* Honorable Sherrill Halbert, United States District Judge, Eastern District of California, sitting by designation.

PER CURIAM:

In 1975 Parkinson filed income tax returns for the years 1972, 1973, and 1974. The returns did not reflect any income for the years in question, but did include numerous constitutional challenges to the income tax system. The Commissioner reconstructed Parkinson's tax liabilities from bank records and other third party records and assessed deficiencies and penalties for the three years in question. Parkinson, without the assistance of counsel, petitioned the Tax Court for a redetermination. The Commissioner then moved for summary judgment pursuant to Tax Court Rule 121(b). Following the hearing on the Commissioner's motion, which Parkinson did not attend, the Tax Court found that there was no genuine issue of material fact presented and granted summary judgment in favor of the Commissioner. Parkinson then retained counsel and filed a motion for reconsideration which the Tax Court denied. Parkinson argues that the Tax Court erred in granting the Commissioner summary judgment on the petition for redetermination and in denying the motion for reconsideration. We affirm.

Pursuant to Tax Court Rule 121(d), which is derived from Fed.R.Civ.P. 56(e), a party must do more than rest on his pleadings to successfully oppose a motion for summary judgment. The resisting party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* Parkinson's conclusory characterization of the Commissioner's calculations as "arbitrary . . . estimates," and his allusion to evidence, which he was unwilling to disclose before trial, were insufficient to overcome the presumption of regularity accorded the Commissioner's determinations.

The Tax Court's denial of a motion for reconsideration will not be overturned on appeal absent a clear abuse of discretion. *Nor-Cal Adjusters v. Commissioner*, 503 F.2d 359, 363 (9th Cir. 1974). The Tax Court's refusal to reopen this case for submission of additional evidence was not a clear abuse of discretion. Parkinson has no right to reopen proceedings merely because he initially chose not to hire counsel and lacked the legal skills necessary to adequately represent himself. *Deininger v. Commissioner*, 313 F.2d 221 (4th Cir.), *cert. denied*, 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80 (1963); *Coussement v. Commissioner*, 391 F.2d 227, 229 (6th Cir. 1968).

AFFIRMED.