JOHN M. CASPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Casper v. Commissioner
Docket No. 2117-84.
United States Tax Court
T.C. Memo 1985-154; 1985 Tax Ct. Memo LEXIS 475; 49 T.C.M. (CCH) 1096; T.C.M. (RIA) 85154; April 1, 1985. John M. Casper, pro se. Julie E. Tamuleviz, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1980
$2,261.00
$512.25
$113.05
$128.00
1981
9,916.00
2,479.00
495.80
759.00
The issues for decision are: (1) whether petitioner is liable for the deficiencies in income determined by the Commissioner; (2) whether petitioner is liable for the additions to tax determined by the Commissioner; and (3) whether petitioner is liable for damages under section 6673.This matter is before the Court on the parties' cross-motions for summary *477 judgment pursuant to Rule 121. Petitioner resided in Vernal, Utah, when he filed his petition in this case. During the taxable years in issue, petitioner was employed by and received taxable wages as follows: Year
Employer
Amount
1980
Combustion Engineering, Inc.
$6,052.22
Peabody Process Systems
3,557.93
Babcock and Wilcox
3,720.00
Total for 1980
13,330.15
1981
Babcock and Wilcox
1,939.00
Electric Energy Service
3,798.00
M & K Power and Associates
17,064.00
Brock & Blevins
1,706.00
D & H Drilling, Inc.
1,417.00
Newberry State
1,611.00
Jelco, Inc.
3,835.00
Total for 1981
31,370.00
Petitioner did not file a Federal income tax return for the taxable years 1980 and 1981. In a notice of deficiency dated October 24, 1983, the Commissioner determined that petitioner received taxable wages in the amounts of $13,330 and $31,370 during the taxable years 1980 and 1981, respectively. Further, as a result of petitioner's failure to file Federal income tax returns for the taxable years 1980 and 1981, the Commissioner imposed additions to tax under section 6651(a) for failure to file. The Commissioner also imposed additions *478 to tax under section 6653(a) for the negligent or intentional disregard of rules and regulations.Finally, the Commissioner determined that petitioner was liable for additions to tax under section 6654 for failure to pay estimated taxes. On October 17, 1984, respondent filed a motion for summary judgment pursuant to Rule 121. Further, in addition to moving for summary judgment in his favor, respondent also moved for an award of damages to the United States in an amount of $5,000 or such lesser amount as the Court deems appropriate. On November 13, 1984, petitioner filed a motion for summary judgment pursuant to Rule 121. In his motion, petitioner contends that "[d]ue to the stipulations agreed to in the pleadings, Petitioner submits the only issue remaining is a legal issue: Whether or not the Petitioner has a right to treat his first transaction[2] under 61(a)(3) of the Internal Revenue Code of 1954." [Emphasis added.] Rule 121 provides that any party may move for summary judgment *479 upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970), Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,supra at 157; Graf v. Commissioner,80 T.C. 944, 946 (1983). On a motion for summary judgment, the presumptive correctness of respondent's determinations will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in his pleadings or otherwise, showing that there is a genuine issue of material fact. Abramo v. Commissioner,78 T.C. 154, 163-164 (1982). See Parkinson v. Commissioner,647 F.2d 875, 876 (9th Cir. 1981), which sustains this standard. The first issue for decision is whether petitioner is liable for the deficiencies in income determined by the Commissioner. The parties agree that *480 petitioner received the amounts of money in issue during the taxable years before the Court. The parties disagree, however, as to the attendant income tax consequences. Petitioner contends that these sums constitute "gains derived from dealings in property" as set forth in section 61(a)(3), and that these amounts do not constitute taxable income. [3] Respondent asserts that the amounts in issue constitute taxable wages under section 61(a)(1). During the taxable years in issue, petitioner received certain sums of money (which are not in dispute) from various employers [4] in exchange for personal services rendered. These sums clearly constitute taxable wages within section 61(a)(1) notwithstanding petitioner's "gains derived from dealings in property" argument. Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Accordingly, there is no genuine issue as to any *481 material fact and respondent is entitled to judgment in his favor as a matter of law with respect to the deficiencies in tax. Rule 121. The next issue for decision is whether petitioner is liable for the additions to tax determined by the Commissioner. Petitioner's primary contention in these proceedings is that the items in issue constitute "gains derived from dealings in property" as set forth in section 61(a)(3) and that these amounts do not constitute taxable income. Petitioner's argument does not address the attendant additions to tax and he offered no evidence or affidavits with respect to the additions to tax issue. As petitioner offered no evidence or affidavits in opposition to respondent's motion for summary judgment with respect to the additions to tax, there is no genuine issue as to any material fact and respondent is entitled to judgment in his favor as a matter of law with respect to the additions to tax. Abramo v. Commissioner,supra; Rule 121(d). The final issue for decision is whether petitioner is liable *482 for damages under section 6673. [5] Although petitioner never specifically claimed wages do not constitute taxable income, he persisted with an ancillary "protester" argument concerning whether gains from labor constitute taxable income. This issue, however, was definitively decided against petitioner by this Court in Rowlee v. Commissioner,supra, over four months prior to the Commissioner's issuance of the notice of deficiency to petitioner. It is quite apparent, therefore, that petitioner's position in these proceedings was groundless and frivolous. After thoroughly reviewing the entire record, we conclude that an award of damages to the United States in the amount of $5,000 is appropriate. *483 An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. The pleadings and documents filed by petitioner frequently refer to the phrase "first transaction" yet no discussion of its meaning or its application to the immediate case is offered.↩
3. Petitioner offers no specific explanation as to why his alleged "gains derived from dealings in property" do not constitute taxable income under section 61(a)(3)↩. Petitioner contends, however, that his receipt of the "property" in issue was in return "for the fair market value of labor lost."
4. In response to respondent's request for admissions, petitioner admits that the sums in issue were received from "employer[s]."↩
5. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩