786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DOUGLAS GANCI; JANET GANCI, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 85-1005
 United States Court of Appeals, Sixth Circuit.
 2/5/86
 
 1
 U.S.T.C.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges and CHURCHILL, District Judge.*
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Douglas and Janet Ganci bring this appeal from the summary judgment dismissing their action challenging a tax deficiency assessment in the Tax Court. The appellants were assessed a tax deficiency in the amount of $3,250 for 1980. One hundred seventy eight dollars was added to this deficiency pursuant to 26 U.S.C. Sec. 6653(a). The district court granted the Commissioner's motion to dismiss on the basis that the appellants' petition did not set forth sufficient facts to warrant relief. On appeal, the appellants contend that they did not have sufficient notice or opportunity to be heard on the Commissioner's motion to dismiss.
 
 
 5
 In deficiency actions, the Commissioner's determination is presumed correct and the petitioner bears the burden to prove otherwise. Welch v. Helvering, 290 U.S. 111 (1933). While it is true that pro se pleadings should be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), broad conclusory allegations cannot carry the burden imposed upon the petitioner. Scherping v. C.I.R., 747 F.2d 478 (8th Cir. 1984). The Tax Court pleadings require more detail than necessary under the Federal Rules of Civil Procedure. See 26 U.S.C. Sec. 7453, Scherping, Id.
 
 
 6
 In reviewing the appellant's petition, it is apparent the Tax Court correctly dismissed the action. The petition contains broad statements which do not clearly set forth the issues. In addition, various tax protestor arguments are set forth as justification for failing to pay the tax. Wages are clearly taxable. Perkins v. C.I.R., 746 F.2d 1187 (6th Cir. 1984). With respect to alleged errors in the deficiency notice, the appellants simply set forth the following list:
 
 
 7
 (1) Adjusted gross income of $30,651.77
 
 
 8
 (2) Adjustments to deductions (all)
 
 
 9
 (3) Willful oppression pursuant to 26 U.S.C. 7214
 
 
 10
 (4) Jurisdiction
 
 
 11
 (5) Fraudulent contract
 
 
 12
 (6) Administrative
 
 
 13
 The conclusory allegations set forth by the appellants are not sufficient to state a claim for relief. Tax Rule 34, 26 U.S.C. foll. Sec. 7453. See Scherping v. C.I.R., supra.
 
 
 14
 The appellants' contention that they did not have sufficient opportunity to respond to the motion to dismiss is without merit. In the reply brief, by affidavit, the appellants claimed they never received the motion to dismiss. The evidence in the record refutes their allegation. The motion to dismiss was filed on January 31, 1985, and a notice of filing was served upon the appellants February 6, 1984. This document notified the appellants that a motion to dismiss, along with a motion for an extension of time, had been filed by the Commissioner. In response, the appellants filed a motion to dismiss the notice of deficiency and a motion to deny the time extension. In addition, an examination of the appellants' motion to deny an extension of time reveals that they evidently received the motion to dismiss. For example, in p2.10 of their motion to deny the extension, the appellants specifically mention the motion to dismiss, and in p2.11, the appellants state that they will submit briefs contra to the respondent's motions. Furthermore, the appellants do not mention failure to receive the motion in their subsequent motion to vacate. In that pleading, they simply contended that a hearing should have been held. It was incumbent upon appellant to raise objections concerning the failure of service in the Tax Court. Accordingly, it was proper for the Tax Court to dismiss the action in accordance with Rule 121, 26 U.S.C. foll. Sec. 7453.
 
 
 15
 The appellants' final argument is that, because they submitted documentary evidence with their motion to vacate, the Tax Court abused its discretion in denying the motion to vacate. The documentary evidence concerned deductions disallowed by the Commissioner. A post decision ruling of the Tax Court will not be overturned upon appeal absent a clear abuse of discretion. See Parkinson v. C.I.R., 647 F.2d 875 (9th Cir. 1981). In the interest of efficient performance of judicial work, a second trial is not ordinarily granted to consider a new theory which could have been considered at trial. Robin Haft Trust, 62 T.C. 145 (1974), rev'd on other grounds, 510 F.2d 43, 45 n.1 (1st Cir. 1975). The appellants' argument in this respect is without merit. They had sufficient opportunity to submit this evidence to the Tax Court after the motion to dismiss was filed. Additionally, the documentation presented by the Internal Revenue Service in its reply to the motion to vacate shows the Commissioner made a good faith attempt to allow explanation of appellants contested deductions prior to the litigation. As the evidence submitted by the Commissioner shows, this attempt was met with evasiveness on the part of the appellants. In view of the fair opportunity afforded the appellants to present their evidence during the litigation and their obvious evasiveness in dealing with the Commissioner prior to litigation, the Tax Court did not abuse its discretion in denying the motion to vacate.
 
 
 16
 Accordingly, it is ORDERED the decision of the Tax Court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation