ALLEN LEE VETO, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Veto v. Commissioner
Docket No. 13712-92
United States Tax Court
T.C. Memo 1993-557; 1993 Tax Ct. Memo LEXIS 568; 66 T.C.M. (CCH) 1426; November 24, 1993, Filed *568 An appropriate order granting respondent's motion for summary judgment and decision will be entered for respondent. Allen Lee Veto, Jr., pro se. For respondent: Bruce E. Gardner. CHIECHI
CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. [1] Respondent determined a deficiency in petitioner's Federal income tax for 1989 in the amount of $ 12,467 and additions to tax for that year under sections 6651(a)(1) and 6654 equal to $ 3,068 and $ 840, respectively. Background
Petitioner was incarcerated in the California State Prison-Solano in Vacaville, California, at the time he filed the petition. On April 14, 1993, the Court issued a notice scheduling this case for trial on September 20, 1993. On June 18, 1993, respondent's counsel mailed petitioner a letter and *569 a proposed stipulation of facts. In that letter, respondent's counsel explained to petitioner that, under the guidelines set forth in Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), the parties were expected to consult informally or communicate prior to the implementation of discovery. Respondent's counsel requested petitioner to respond to the proposed stipulation of facts no later than July 1, 1993. Respondent asserts in her motion for summary judgment, and petitioner does not dispute, [2] that petitioner did not respond to the June 18, 1993 letter from respondent's counsel or to the proposed stipulation of facts. On July 12, 1993, respondent filed a request for admissions with the Court. On July 8, 1993, respondent served petitioner by mail with a copy *570 of that request. Petitioner did not file any response to the request for admissions. Consequently, each matter set forth therein, including the following, is deemed admitted. Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Morrison v. Commissioner, 81 T.C. 644, 647 (1983). Petitioner did not file a Federal income tax return for the 1989 tax year, and petitioner did not make any estimated tax payments for that year. During 1989, petitioner was employed as a bartender by Marash's Restaurant, Inc. (Marash's). Marash's issued a Form W-2 for that year showing that petitioner earned wages in the amount of $ 840 and tips in the amount of $ 341. Petitioner had interest-bearing accounts at Sanwa Bank (Sanwa) during 1989. Sanwa issued a Form 1099 for that year indicating that petitioner's interest income was $ 13. Petitioner was involved in the sale and distribution of narcotics during 1989. In that year, petitioner delivered methamphetamine to a police officer and sold a quarter ounce of methamphetamine to James Foster for $ 175. He had also previously sold an ounce of that substance to James Foster for *571 $ 750. On November 9, 1989, petitioner's apartment was searched by the police pursuant to a valid search warrant. During that search, the police found the following items: (1) $ 626 in cash; (2) deposit slips for two bank accounts at Sanwa; (3) a photograph showing petitioner with money, marijuana, scales, a pay/owe sheet, and clear plastic bags containing mushrooms and marijuana; (4) a triple beam scale; (5) a large spoon with white powder residue; and (6) plastic bags of marijuana. A search of the trunk of petitioner's car disclosed a black leather bag which contained a one-pound, ziplock plastic baggie containing approximately five ounces of Valtox positive methamphetamine and a second plastic baggie containing a smaller amount of methamphetamine. On November 9, 1989, petitioner was arrested for possession of methamphetamine for sale. On April 4, 1990, petitioner pleaded guilty to that charge. The amount of petitioner's income for 1989 could not be determined from petitioner's books and records. Respondent determined petitioner's correct adjusted gross income for 1989 on the basis of his wages, tips, and interest income, the cash expenditures he made for 156 grams of methamphetamine, *572 and his personal living expenses for that year. Respondent determined that petitioner was a retail dealer of methamphetamine and that he purchased the 156 grams of that substance in San Francisco. The 156 grams of methamphetamine were determined by respondent to have a value of $ 19,500, which was computed on the basis of $ 125 per gram. By using the Bureau of Labor Statistics and the Consumer Price Index, respondent determined petitioner's personal living expenses for 1989 to be $ 18,818. Relying principally on the deemed admissions in this case, respondent filed the instant motion for summary judgment on September 3, 1993. On September 9, 1993, the Court ordered petitioner to file a written response to that motion. In his response, petitioner states that he does not understand or agree with any of the documents which have been filed in this case. Discussion
Rule 121 allows a party to move for summary judgment upon all or any part of the legal issues in controversy. Pursuant to Rule 121(b), a decision shall be rendered on the motion if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, show *573 that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact. The factual materials and the inferences therefrom are to be read in the light most favorable to the party opposing summary judgment. Naftel v. Commissioner, supra; Jacklin v. Commissioner, supra; Espinoza v. Commissioner, supra.However, the party opposing summary judgment cannot rest upon mere allegations or denials set forth in that party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); Parkinson v. Commissioner, 647 F.2d 875, 876 (9th Cir. 1981), affg. per curiam T.C. Memo. 1979-319; Marshall v. Commissioner, supra at 271. *574 Respondent's determinations in the notice of deficiency are presumed correct. The burden of proof is on petitioner to establish that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In the notice of deficiency, respondent determined that petitioner's adjusted gross income includes $ 840 in wages, $ 341 in tips, $ 13 in interest, and additional unreported income in the amount of $ 38,944. Respondent computed the $ 38,944 figure by using the cash expenditures method. Respondent also determined that petitioner is liable for self-employment tax. Petitioner is deemed to have admitted, among other things, that during 1989 he earned wages and interest income and was engaged in the sale and distribution of narcotics. Petitioner also is deemed to have admitted that respondent's determination of his adjusted gross income in the notice of deficiency is correct. Rule 90(c); Marshall v. Commissioner, 85 T.C. at 272; Morrison v. Commissioner, 81 T.C. at 647. Based on the deemed admissions in this case, and petitioner's failure to set forth facts showing *575 that he is entitled to any deductions or exemptions other than those allowed in the notice of deficiency, we conclude that respondent has satisfied her burden of proving that no genuine issue of material fact exists as to respondent's deficiency determination for 1989 and that respondent is entitled as a matter of law to a decision thereon. Accordingly, we grant respondent's motion as to her determination of the deficiency against petitioner for 1989. Rule 121; Marshall v. Commissioner, supra at 272. Respondent also determined that petitioner is liable under section 6651(a)(1) for an addition to tax for 1989 for failure to file a tax return. Section 6651(a)(1) imposes an addition to tax for failure to file timely a return unless the taxpayer shows that such failure was due to reasonable cause and was not due to willful neglect. The deemed admissions in this case establish that petitioner failed to file a return for 1989. There is nothing in the record to suggest that petitioner's failure to file was due to reasonable cause and not willful neglect. [3] We conclude, therefore, that respondent is entitled to summary judgment with respect to the *576 addition to tax for 1989 for failure to file under section 6651(a). Rapp v. Commissioner, 774 F.2d 932, 936 (9th Cir. 1985), affg. an Order of this Court. Respondent further determined that petitioner is liable under section 6654(a) for an addition to tax for 1989 for failure to pay estimated income tax. Section 6654(a) provides that, in the case of any underpayment of estimated tax by an individual, there shall be added to the tax an amount determined by applying the underpayment rate established under section 6621 to the amount of the underpayment for the period of the underpayment. Petitioner is deemed to have admitted that he failed *577 to pay estimated tax for the year at issue. Nothing in the record suggests that any of the exceptions under section 6654 applies. Accordingly, respondent is entitled to summary judgment with respect to the addition to tax for 1989 for failure to pay estimated tax. Rapp v. Commissioner, supra.
In sum, we hold that respondent's determinations as set forth in the notice of deficiency are correct. Consequently, respondent's motion for summary judgment will be granted. Id.; Marshall v. Commissioner, 85 T.C. at 272. To reflect the foregoing, An appropriate order granting respondent's motion for summary judgment and decision will be entered for respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the year at issue.↩
2. As discussed infra↩ pp. 4-5, petitioner filed a response to respondent's motion for summary judgment in which he asserts that he does not understand or agree with any of the documents which have been filed in this case.
3. The mere fact that petitioner was incarcerated at the time his return was due is not reasonable cause within the meaning of sec. 6651(a)(1) for his failure to file. Llorente v. Commissioner, 74 T.C. 260, 268-269 (1980), affd. in part, revd. in part, and remanded 649 F.2d 152↩ (2d Cir. 1981).