**Felix Kelly PRAKASAM; Liliana P. Prakasam, Petitioners–Appellants,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.**

**No. 06–74081.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Aug. 31, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Felix Kelly Prakasam, Redlands, CA, pro se.

R.App. P. 34(a)(2).

Robert R. Di Trolio, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Eileen J. O'Connor, Esq., Bethany B. Hauser, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Felix Kelly Prakasam and Liliana P. Prakasam appeal pro se from the tax court's order dismissing for lack of jurisdiction their action contesting an adverse decision letter issued following their untimely request for a collection due process ("CDP") hearing for tax years 1995 and 1996. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a tax court's legal conclusions de novo and its findings of fact for clear error. *Charlotte's Office Boutique, Inc. v. Comm'r,* 425 F.3d 1203, 1211 (9th Cir.2005). We review for abuse of discretion a tax court's denial of a motion to reconsider. *Parkinson v. Comm'r,* 647 F.2d 875, 876 (9th Cir.1981) (per curiam). We affirm.

Because the Prakasams did not request a CDP hearing within thirty days of the certified mailing of the notices of deficiency or the notices of federal tax lien filed against them, the tax court properly held that they were not entitled to a CDP hearing. *See* 26 U.S.C. § 6212(b)(2) (permitting the Commissioner to issue notice of deficiency by certified mail to taxpayer's last known address); 26 U.S.C. § 6320(a)(3)(B) (permitting taxpayer to request a CDP hearing within thirty days of the lien notice); *see also King v. Comm'r,* 857 F.2d 676, 681 (9th Cir.1988) ("a notice mailed to the last known address is sufficient even if it is never received.").

The Prakasams' request for a CDP hearing, submitted in response to the filing of a lien against Renaissance Health Systems LLC as the nominee, transferee or alter ego of the taxpayers, was properly denied. *See* 26 C.F.R. § 301.6320–1(b)(2) Q&A B–5 (stating that the nominee is not entitled to a CDP hearing but may seek an administrative hearing under the Collection Appeals Program which would not be subject to judicial review). The Prakasams, therefore, received an administrative hearing under the Collection Appeals Program, and were issued an adverse decision letter. The tax court properly held that the adverse decision letter was not subject to judicial review. *See id.*

The tax court did not abuse its discretion by denying reconsideration because the Prakasams did not show grounds for relief. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (describing elements of relief under Rules 59(e) and 60(b)).

The Prakasams' remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.