**Diana COTE, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

**No. 07–71816.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed April 3, 2009.

Diana Cote, Woodsville, NH, pro se.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Teresa Milton, Teresa Milton, U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Diane Cote appeals pro se from the tax court's decision, after a bench trial, upholding the Internal Revenue Service Commissioner's determination of a deficiency for tax year 1999, and imposing pa penalty under 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We affirm.

Because Cote did not object to the admission of evidence at trial on the grounds she raises on appeal, she failed to preserve the objections. *See Morgan v. Woessner,* 997 F.2d 1244, 1260 n. 18 (9th Cir.1993) ("[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the *wrong* specific objection.") (alteration and emphasis in original) (internal citations and quotation marks omitted). Even assuming Cote lacked advance notice of the evidence offered at trial, the tax court's admission of the evidence was not plain error because the evidence otherwise satisfied the requirements of Federal Rules of Evidence 803(6) and 902(11) and Cote has not shown how the admission affected any substantial rights. *See* Fed.R.Evid. 103(a), (d) (allowing "notice of plain errors affecting substantial rights" where a party fails to make a timely and specific objection to evidence); *see also Hudspeth v. Comm'r,* 914 F.2d 1207, 1215 (9th Cir.1990) (reviewing the admission of evidence for plain error where party failed to timely object).

The tax court did not abuse its discretion in denying Cote's motion for reconsideration as untimely. *See* Fed. Tax Ct. R. 161 (requiring the filing of a motion for reconsideration within 30 days after a written opinion); *Parkinson v. Comm'r,* 647 F.2d 875, 876 (9th Cir.1981) (per curiam)

("The Tax Court's denial of a motion for reconsideration will not be overturned on appeal absent a clear abuse of discretion.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

