**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN H. THOMPSON; MELANIE SALYERS THOMPSON, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 16-72537 <br><br> Tax Ct. No. 4628-15 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

John H. Thompson and Melanie Salyers Thompson appeal pro se from the

Tax Court's decision, following a bench trial, upholding the Commissioner of

Internal Revenue's determination of deficiencies.  We have jurisdiction under 26

U.S.C. § 7482(a)(1).  We review de novo the Tax Court's legal conclusions and for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

clear error its factual determinations. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995). We affirm.

The Tax Court properly concluded that appellants did not meet their burden of proving they were entitled to a foreign earned income exclusion. *See* 26 U.S.C. § 911(d)(1) (definition of "qualified individual"); *id.* § 911(d)(4) (requirements for waiver of period of stay in a foreign country). Contrary to appellants' contentions, any prior allowance of the exclusion or failure to provide a clear explanation as to any change in position regarding the exclusion does not provide a basis for relief. *See Dixon v. United States*, 381 U.S. 68, 72-73 (1965) ("[T]he Commissioner is empowered retroactively to correct mistakes of law in the application of the tax laws to particular transactions . . . even where a taxpayer may have relied to his detriment on the Commissioner's mistake.").

The Tax Court did not abuse its discretion by denying appellants' motion for reconsideration and motion to vacate because the motions provided no basis to conclude that the Tax Court's prior decisions were in error. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (standard of review for motion to vacate); *Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981) (standard of review for motion for reconsideration).

To the extent appellants challenge the denial of the motion to dismiss, we reject the challenge as meritless.

**AFFIRMED.**