NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD I. FINE; MARYELLEN OLMAN-FINE, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 17-71042 <br><br> Tax Ct. No. 23553-15L <br><br> MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Richard I. Fine and Maryellen Olman-Fine appeal pro se from the Tax

Court's summary judgment upholding the Commissioner of Internal Revenue's

determination sustaining a proposed collection action for tax years 2010, 2011, and

2012.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo.

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012). We affirm.

Because the record shows that the appeals officer did not abuse his discretion in sustaining the proposed collection action for tax years 2010, 2011, and 2012, the Tax Court properly granted summary judgment for the government. *See* 26 U.S.C. § 6330(c)(3) (setting forth matters an appeals officer must consider in making a determination to sustain a proposed collection action).

The Tax Court did not abuse its discretion by denying the Fines' motion to set aside the order and decision because the Fines failed to demonstrate any ground for relief. *See Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981) (setting forth standard of review); *see also Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth grounds for relief under Fed. R. Civ. P. 60(b)).

We reject as without merit the Fines' contentions regarding due process, fraud upon the Tax Court, their entitlement to take depositions, evidentiary objections, tax years other than the ones at issue in this action, Richard Fine's whistleblower claims, and purported credibility determinations.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                    17-71042