**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 29 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY B. YAPP; TAMARA A. YAPP, | No. 19-70431 |
| Petitioners − Appellants, | Tax Ct. No. 13805-14 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent − Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted July 8, 2020
Portland Oregon

Before: M. MURPHY,** BENNETT, and MILLER, Circuit Judges.

Petitioners-Appellants Jeffrey and Tamara Yapp ("taxpayers") appeal the

Tax Court's order upholding the Commissioner of Internal Revenue's

determination of a tax deficiency in their federal income tax for 2010, and the

imposition of an accuracy-related penalty under 26 U.S.C. § 6662(a). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

**1.**     The Tax Court did not clearly err in concluding the taxpayers failed to substantiate their $122,737 business expense deduction for NXTMUSIC, LLC wages. *See Sparkman C.I.R.*, 509 F.3d 1149, 1159-61 (9th Cir. 2007). The taxpayer has "the burden of clearly showing the right to the claimed deduction," *id.* at 1159, and is "required to keep sufficient records to substantiate deductions," *id.* (citing 26 U.S.C. § 6001; Treas. Reg. § 1.6001-1(a)). We have reviewed the evidence in the record and conclude that the Tax Court did not clearly err. *See Wolf v. C.I.R.*, 4 F.3d 709, 712-13 (9th Cir. 1993) (explaining there is no clear error if "the tax court's account of the evidence is plausible in light of the record viewed in its entirety" (brackets omitted)).

Contrary to the arguments of the taxpayers, the Tax Court's mention of the lack of corroborating evidence such as "employment contracts, Forms W-2, Wage and Tax Statement, or Forms 1099-MISC, Miscellaneous Income" cannot plausibly be read as drawing an impermissible adverse inference. Rather, the Tax Court explained the type of evidence that would help taxpayers "substantiate their claim" and determined the record was insufficient. As a result, taxpayers' reliance on *Kean v. C.I.R.*, 469 F.2d 1183 (9th Cir. 1972), is inapposite.

**2.**     The Tax Court correctly concluded that the Real Food Real Life ("RFRL") expenses incurred before 2011 were "start-up" expenses and not eligible for a

deduction under 26 U.S.C. § 162. Even assuming this is a mixed question of law and fact and subject to de novo review, we review the Tax Court's factual findings for clear error. *See Suzy's Zoo v. C.I.R.*, 273 F.3d 875, 878 (9th Cir. 2001). The Tax Court found, in part, that: (1) Tamara Yapp "worked to develop RFRL's product line" in 2009 and 2010; (2) she "took steps to launch RFRL's product line commercially" during 2009 and 2010; (3) she experimented with the probiotic recipes and had A.G.M. Foods Pty. Ltd. produce samples of these "trial run products" during 2009-2010; (4) she "solicited and received pre-orders of RFRL products" in December 2010; (5) the first "finished RFRL-branded product[]" shipment arrived in late December 2010; and (6) "RFRL officially launched its products" at a party in February 2011. Applying the law to these facts, we conclude that the court correctly found these were "start-up" expenses and not eligible for a deduction under § 162.[1]

Taxpayers assert that the Tax Court's findings are "technically correct -- but incomplete" and argue that the court did not consider all the record evidence. Even reviewing de novo, we are not persuaded that the additional evidence cited by taxpayers was indicative of an ongoing business, as opposed to one in the start-up

---

[1] This case is not analogous to *Cabintaxi Corp. v. Commissioner*, 63 F.3d 614 (7th Cir. 1995), because taxpayers here were not only distributors of AGM products. Instead, Tamara Yapp distributed AGM products in exchange for AGM helping her "develop her own line of probiotic products" for RFRL.

3

phase.

**3.**     The Tax Court did not clearly err in finding taxpayers were liable for the accuracy-related penalty under § 6662. *See Little v. C.I.R.*, 106 F.3d 1445, 1449 (9th Cir. 1997) (standard of review). Taxpayers are not eligible for either of the two statutory exceptions to the penalty. *See DJB Holding Corp. v. C.I.R.*, 803 F.3d 1014, 1029 (9th Cir. 2015) (taxpayer can identify "substantial authority supporting [his] treatment of an item of income" or show he had "reasonable cause for [his] position and acted in good faith" (quotations omitted)).

Taxpayers first argue they should not be penalized because they identified "substantial authority" at trial showing the NXTM wages were proper business expenses. But, "[s]ubstantial authority is legal authority to support the [taxpayers'] position." *Norgaard v. Commissioner*, 939 F.2d 874, 877-78 (9th Cir. 1991). Thus, even on de novo review, *see Little*, 106 F.3d at 1449, taxpayers have identified no substantial legal authority and cannot qualify for this exception.

Taxpayers also argue that they showed "reasonable cause and acted in good faith" for treating RFRL expenses as properly deducted business expenses because the law was unsettled. But we have noted several times that "a nascent business may not deduct its 'start-up' or 'pre-operational' expenses under section 162 and must instead capitalize them." *Kantor v. C.I.R.*, 998 F.2d 1514, 1518 (9th Cir. 1993) (comparing deduction eligibility for R&D expenses under § 162 and § 174).

4

And taxpayers admit that the "seminal" decision establishing the legal test for "start-up" costs was *Richmond Television Corp. v. United States*, 345 F.2d 901 (4th Cir. 1965), *vacated*, 382 U.S. 68. This 55-year-old legal test has not changed. While the law here may be complex and case-specific, it is not unsettled. *Cf. DJB Holding*, 803 F.3d at 1030-31 (finding in the context of joint ventures that complexity does not mean the law is unsettled and noting that the relevant legal test has "been the law for fifty years"); *Van Camp & Bennion v. United States*, 251 F.3d 862, 868-69 (9th Cir. 2001) (rejecting taxpayer's argument that his status as an independent contractor was reasonably debatable because the tax law on independent contractors was "clear; the only question was whether [taxpayer] met the standard").

4. Finally, the Tax Court did not abuse its discretion in denying taxpayers' motion for reconsideration. *See Parkinson v. C.I.R.*, 647 F.2d 875, 876 (9th Cir. 1981) (per curiam).

**AFFIRMED.**