NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL H. BOULWARE, | No.   19-73235 |
| Petitioner-Appellant, | IRS Nos. 5514-16 |
| | 5885-16 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
United States Tax Court

Argued and Submitted April 14, 2021
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Michael H. Boulware (Boulware) appeals from the tax court's decision that

there are deficiencies, penalties, and additions to tax due from Boulware for tax years

1989–1997.  He challenges the tax court's denial of his motion for reconsideration

under Tax Court Rule of Practice and Procedure 161 (Rule 161), in which he argued

that the Commissioner failed to meet his burden of production under 26 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 6751(b). We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review for abuse of discretion, and we affirm. *Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981) (per curiam) ("The Tax Court's denial of a motion for reconsideration will not be overturned on appeal absent a clear abuse of discretion.").

On December 9, 2015, the Commissioner issued two separate notices of deficiency determining civil deficiencies in tax, along with penalties, for Boulware's 1989–1993 and 1994–97 tax years. Boulware filed two petitions in the tax court for a redetermination of the income tax liability reflected in those notices of deficiency, and the petitions were consolidated.

Relevant to this appeal, during the March 2019 trial, the tax court admitted the Commissioner's Exhibit 3162-R into evidence. That exhibit included the declaration of IRS Supervisory Revenue Agent Kristina Thompson and a Civil Penalty Approval Form that approved the assertion of a fraud penalty for Boulware's 1994–97 tax years. Thompson signed the form on January 17, 2013. On March 8, 2019, the tax court held a hearing to review the record with counsel. The Commissioner argued that Exhibit 3162-R satisfied the burden of production under § 6751(b) with respect to the fraud penalty for the 1994-97 tax years. The tax court asked if Boulware "ha[d] a counterargument," and his attorney responded, "No."

On March 14, 2019, the tax court issued a bench opinion upholding the deficiencies, penalties, and additions to tax for Boulware's tax years 1989–1993 and

2

1994–1997. Among other things, the tax court found that "[e]vidence supporting that [Boulware's] additions to tax and the penalty for fraud were approved by supervisors for the IRS have been admitted into the record of this case, and the conformity of respondent's actions with section 6751 is not at issue as it has been conceded by [Boulware] that the appropriate forms were signed by the supervisory personnel of the [IRS]."

On May 10, 2019, Boulware filed a motion for reconsideration and, for the first time, argued that the Commissioner failed to meet his burden of production under § 6751(b) with respect to the fraud penalties.[1] Section 6751 provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." 26 U.S.C. § 6751(b).

To support his motion for reconsideration, Boulware submitted several exhibits that were not part of the tax court trial record, including a thirty-day letter from the IRS to Boulware accompanied by an "examination report showing proposed changes" to tax and penalties for Boulware's 1994–1997 tax years. The letter was dated October 9, 2012 and signed by Supervisory Internal Revenue Agent

---

[1] On appeal, Boulware only challenges the § 6751(b) requirement for the fraud penalties for his 1994–1997 tax years.

Kristina Thompson. The examination report included computations for proposed civil fraud penalties under 26 U.S.C. § 6663 for the years 1994–1997 and a failure-to-file penalty under § 6651(a)(1).

Relying on *Clay v. Comm'r*, 152 T.C. 223 (2019), Boulware argued that for purposes of § 6751(b), a thirty-day letter is the initial determination to assess penalties on a taxpayer, and that written supervisory approval must be obtained before the first formal communication of that initial determination to the taxpayer. He argued that the penalty approval form admitted at trial did not satisfy the Commissioner's burden to establish written supervisory approval under § 6751(b) because it was signed after the thirty-day letter was sent to Boulware. The tax court denied the motion as "inconsistent with Rule 161." The tax court also concluded that, on the facts of this case, *Clay* did not require a "separate approval form[]" in addition to the "thirty day letter[]."

The tax court did not abuse its discretion by denying the motion for reconsideration as inconsistent with Rule 161. *Parkinson*, 647 F.2d at 876. Boulware's Rule 161 motion presented a new legal argument—that the civil penalty approval form did not satisfy § 6751(b)'s written supervisory approval requirement because it was signed after the thirty-day letter was sent to Boulware. Boulware argues that he could not have raised this argument sooner because it was based on *Clay v. Commissioner*, which was issued after the tax court's bench opinion. But

4

Boulware has not identified any prior controlling law that *Clay* changed. And nothing prevented Boulware from making the same arguments as the taxpayers in *Clay* before the bench opinion was issued.

Thus, the tax court did not abuse its discretion in denying the motion for reconsideration as inconsistent with Rule 161 because it raised a new legal theory that reasonably could have been asserted earlier in the litigation. *See Kona Enters. Inc. v. Est. of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Goettee v. Comm'r*, 87 T.C.M. (CHH) 808, 2004 WL 27767, at *3 (2004) (explaining that Rule 161 is intended "to correct manifest errors or fact or law" and not to allow "new legal theories to reach the result desired by the moving party").

**AFFIRMED.**